Battle, J.
 

 All the questions which have been raised upon the construction of the will of Thomas Williamson, deceased, and upon which we are asked to declare an opinion, may be answered, without much difficulty, by the-aid of the previous adjudications of the Court. .
 

 The first enquiry relates to the second item of the will, wherein the testator gives to his daughter, Tempy Eulgham, u one-negro girl named Mary, now in her possession, and her
 
 *285
 
 increase, if any, also one negro girl named Bethany, to her heirs forever.” The girl, Mary, had been put into the pos-session of his daughter and her husband, by the testator, some-years before his will was made, and had had a child before-that time; but Bethany, with a child named Amos, was delivered to the daughter after the will was- executed, and hM another child before the testator’s death-. The question- is, did the children pass with their mothers to Mrs. Eulgham ? The general rule is clearly settled, that the bequest, simply, of a female slave and her increase, passes the mother only, and not-tlie increase which she may have had before the will was executed, or between that time and the death of the testator. See Love v.
 
 Love,
 
 5 Ired. Eq. Rep. 201, and many other cases. But if there be any expression in the will, showing an intention of the testator that such increase shall be included in the bequest of the mother, then the legatee shall take it. An indication of such intention may be inferred from a reference in the will to the slave as having been previously given to, or as being-in the possession of, the legatee. The bequest is then a confirmation of the previous parol gifts, and carries with it the increase as an adjunct or part of such gift.
 
 Bullock,
 
 v.
 
 Bullock,
 
 2 Dev. Eq. Rep. 307;
 
 Simpson
 
 v.
 
 Boswell,
 
 5 Ired. Rep. 49;
 
 Woods
 
 v.
 
 Woods,
 
 2 Jones’ Eq. Rep. 420. Erom the authority of these cases, and the principle upon which they are-founded, we are satisfied that the child of the girl, Mary,,who> is mentioned as having been in the possession of the legatee, passed, with its mother. "With respect to the other girl, Bethany, there is no gift of her increase, and the only argument in favor of her children being included in the bequest of their mother, is derived from the use of the word “ also,” which, it is insisted, connects with her whatever of a like kind was intended to pass with the girl, Mary. The bequest of increase is a gift of something in addition to that of the mother, and when born before the death of the testator, does not ordinarily pass with the mother. On the contrary, as we have seen, it requires an indication of the testator, manifest in his will, that such is his intention, to enable the legatee to take the
 
 *286
 
 increase with the mother. The term “ also ” means only some other subject of gift besides what has been already mentioned, and can include only what is specified by name or description. If one subject only be named, or described, it cannot be extended to embrace two entirely distinct subjects, without the hazard of making the testator much more liberal than he intended to be. The mention of one subject without the other, when he has just before shown that he knew the difference between the two, leads more justly to the conclusion that he did not intend to embrace the latter. The children of the girl, Bethany, do not, therefore, in our opinion, pass with their mother, but fall into the residue to be sold and the proceeds divided according to the last clause of the will.
 

 There is nothing in the third, fourth and fifth clauses of the will- to take the gift of the female slaves therein mentioned, with their increase, out of the general rule, and the children born in the testator’s life-time, do not belong to the respective legatees, but fall into the residue, to be disposed of as herein-before mentioned. The rule, referred to by the counsel, that we have a right to look to the state of the testator’s family, and the condition of his property, in putting a construction upon ,his will, cannot be invoked when the language is plain and its meaning well established. The expression, “ if any,” subjoined to the word increase cannot make any difference, because it only expresses what would, if omitted, be necessarily implied, and it may apply to increase born after the testator’s death, as well as those born before.
 

 Before leaving this subject, it may not be improper to remark, that the will now before us was executed before the Eevised Code went into operation, and therefore is not affected by the rule of construction prescribed in the 27th section of-the 119th chapter of that code, to-wit: “that a bequest of a slave, with her increase, shall be construed to include all her children born before the testator’s death, unless a contrary intention appear by the will.”
 

 Mary Benfrow takes a separate estate in the property devised and bequeathed to her in the sixth clause of .the will,
 
 *287
 
 and tbo trustees may permit her to have possession of it, and use and enjoy it with her family; and as there is no clause of restraint, she is entitled, not only to the interest, but the principal of the money given her, should her necessities require it. See
 
 Harris
 
 v. Harris, 7 Ired. Eq. Rep. 111.
 

 There is not the slightest doubt about the last question proposed to us. The children of Mourning- Peele will stand in the place of their mother, and take the share of the residue to which she would be entitled, were she living. 1 Rev. Stat. ch. 122, sec. 15. The same provisions will be found in the Rev. Code, ch. 119, sec. 28.
 

 The parties may have a decree for the settlement of the estate upon the principles herein declared.
 

 Pee Curiam, Decree accordingly.